AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>EZEQUIEL HURTADO-COLORADO<br>RODRIGO RUANO-ORDONEZ<br>RIDER CUERO-AYOBE<br><br>*Defendant(s)* | Case No. 8:24-mj-2602 AEP |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **October 2, 2024** in the county of **Hillsborough** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii) | Conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, while aboard a vessel subject to the jurisdiction of the United State and possession with intent to distribute five kilograms or more of a mixture of a substance containing a detectable amount of cocaine, while aboard a vessel subject to the jurisdiction of the United States |

This criminal complaint is based on these facts:

See Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA Yenixa Perez, HSI
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 10/18/22

_____
*Judge's signature*

City and state: Tampa, FL        ANTHONY E. PORCELLI, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Yenixa Perez, being duly sworn, depose and state:

### Introduction and Agent Background

1. I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations (HSI), and have been employed by HSI since January of 2010. Since October of 2019, I have been assigned as a Special Agent to the Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") investigation being conducted by the Federal Bureau of Investigation (FBI), Drug Enforcement Administration (DEA), Immigration and Customs Enforcement, Homeland Security Investigations (HSI), the Coast Guard Investigative Service (CGIS), the United States Coast Guard (USCG), and state and local law enforcement agencies. Investigations initiated by Operation Panama Express are prosecuted in the Middle District of Florida (Tampa Division). Special Agents assigned to Operation Panama Express currently investigate cocaine smuggling organizations that are responsible for the transportation of cocaine through international waters of the Caribbean Sea and Pacific Ocean via maritime vessels to transshipment locations for later introduction and distribution into the United States.

### Statutory Authority

2. I submit this affidavit in support of a criminal complaint charging that beginning on an unknown date and continuing through on or about October 2, 2024, while on board a vessel subject to the jurisdiction of the United States, the

defendants, EZEQUIEL HURTADO-COLORADO, RODRIGO RUANO-ORDONEZ, and RIDER CUERO-AYOBE, did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

3.   The averments contained in this Affidavit are based on my personal knowledge and/or reliable information related to me by other law enforcement officers with whom I have worked on this investigation. Because of the limited purpose of this Affidavit, however, I have not included each and every fact known to me or other law enforcement agents concerning this investigation. I have included only those facts I believe are necessary to establish probable cause supporting the requested complaint.

## Probable Cause

4.   The United States Coast Guard (USCG) has authority under 14 U.S.C. § 522 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

5.   On October 2, 2024, a crewmember on the United States Coast Guard Cutter VIGOROUS visually spotted a go-fast vessel in international waters in the Pacific Ocean, approximately 100 nautical miles west of Isla Malpelo, Colombia. The

vessel had a tarp and fuel barrels on deck, which is indicative of drug trafficking in this remote area of the Pacific Ocean.

6. The VIGOROUS launched its small boat with a Coast Guard boarding team onboard to interdict the subject vessel.

7. The Coast Guard boarding team arrived on scene, and the subject vessel went dead in the water.

8. The Coast Guard boarding team conducted a right of approach and gained positive control of the vessel. There were three people onboard: EZEQUIEL HURTADO-COLORADO, RODRIGO RUANO-ORDONEZ, and RIDER CUERO-AYOBE. When asked, none of the individuals onboard claimed nationality for the vessel. Therefore, the Coast Guard determined the vessel was subject to the law of the United States under 46 U.S.C. § 70502(c)(1)(A) and (d)(1)(B).

9. The Coast Guard boarding team discovered 38 bales of suspected contraband. The USCG conducted two Narcotics Identification Kit Tests on the suspected contraband. The results of both tests were positive for cocaine. The bales were weighed by the Coast Guard and had an at sea weight of 1,326 kilograms.

10. In my training and experience, the go-fast vessel referenced above is consistent in style, size, and propulsion to other such vessels frequently used to transport cocaine across international waters in the Caribbean Sea.

## CONCLUSION

11. Based upon the foregoing information, I respectfully submit that probable cause exists to believe that the following three defendants named herein, EZEQUIEL HURTADO-COLORADO, RODRIGO RUANO-ORDONEZ, and RIDER CUERO-AYOBE, while on board a vessel subject to the jurisdiction of the United States, knowingly and intentionally combined, conspired, and agreed with each other and with other persons to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

_____
Yenixa Perez
Special Agent, HSI

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable means consistent with Fed. R. Crim. P. 4.1 and 4(d) before me this ___18___ day of October, 2024.

_____
HONORABLE ANTHONY E. PORCELLI
United States Magistrate Judge

4